IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LISA ZAMARRIPA, | § | |
|   *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.: 4:15-cv-00585 |
| | § | |
| C&C NORTH AMERICA, INC. d/b/a | § | |
| COSENTINO NORTH AMERICA. | § | |
|   *Defendant*. | § | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant C & C North America, Inc. d/b/a Cosentino North America ("Defendant") files its Original Answer to the Original Complaint of Plaintiff Lisa Zamarripa ("Plaintiff") and would show the Court as follows:

### SUMMARY OF SUIT

1. Defendant admits it distributes stone and quartz surfaces throughout the United States and Canada, but denies the remainder of Paragraph 1.

2. Defendant admits that Plaintiff is bringing this action, but denies Plaintiff can recover unpaid overtime wages, liquidated damages, or attorneys' fees under the Fair Labor Standards Act, 29 U.S.C. § 207.

### JURISDICTION AND VENUE

3. Defendant admits Paragraph 3.

4. Defendant admits that it conducts business in Houston. The remainder of Paragraph 4 sets forth legal assertions and conclusions. To the extent that it is considered to include factual allegations of wrongdoing by Defendant, Defendant denies the assertions made in Paragraph 4.

## THE PARTIES

5. Defendant is without sufficient knowledge and information to admit or deny the allegations concerning Plaintiff's residence. Defendant admits the remainder of Paragraph 5.

6. Defendant admits that it is an enterprise engaged in commerce doing business in Texas. Defendant admits that it may be served with process by serving its registered agent, CT Corporation System. Defendant denies that it is a foreign corporation. The remainder of Paragraph 6 sets forth legal assertions and conclusions. To the extent that it is considered to include factual allegations of wrongdoing by Defendant, Defendant denies the assertions made in Paragraph 6.

## BACKGROUND

7. Defendant admits Paragraph 7.

8. Defendant admits that Plaintiff was hired in February 2014 as a non-exempt payroll specialist. Defendant admits that thereafter Plaintiff's position was classified as exempt and Plaintiff was paid a salary. Defendant denies the remainder of Paragraph 8.

9. Defendant denies Paragraph 9.

10. Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 10, because the phrase "regularly worked" is not defined. Without a specific reference to a workweek, Defendant cannot determine which, if any, workweeks Plaintiff allegedly worked more than forty hours. Defendant denies the remainder of Paragraph 10.

## CAUSE OF ACTION

11. Defendant denies Paragraph 11.

12. Defendant admits Plaintiff, as a non-exempt employee, was entitled to be paid time-and-one-half for all hours worked in excess of forty (40) hours in a workweek. Defendant denies the remainder of Paragraph 12.

13. Defendant denies Paragraph 13.

14. Defendant denies Paragraph 14.

15. Defendant denies Paragraph 15.

16. Defendant denies Paragraph 16.

## AFFIRMATIVE DEFENSES

17. Defendant asserts the defense of payment.

18. Assuming, *arguendo* that any liability is associated with this action, Defendant asserts that it made a reasonable, good-faith effort to comply with and not violate the FLSA; any of the alleged violations of law were not willful; Defendant acted in good-faith, with reasonable grounds for believing that its actions or inactions or omissions were not in violation of the FLSA; and any complained of act or omission was in good-faith conformity with and in reliance on applicable law, administrative regulations or interpretations pursuant to 29 U.S.C. § 258 or other applicable authority.

19. Although Defendant denies that Defendant has violated any aspect of the FLSA and thus has no liability under that statute, any alleged violation would be subject to the *de minimis* doctrine, which Defendant invokes.

20. Assuming, *arguendo*, that any liability is associated with this action, Defendant asserts that a two-year statute of limitations applies to this or any FLSA action, considering Defendant did not knowingly, willfully, or with reckless disregard violate the FLSA in calculating Plaintiffs' wages.

21. Defendant reserves the right to seek leave to amend and assert any additional affirmative defenses that may be discovered during the course of additional investigation and discovery.

<u>DEFENDANT'S PRAYER</u>

Defendant prays that Plaintiff take nothing by this action and that Defendant recovers all costs, including legal fees incurred in the defense of this action and all other relief to which Defendant is entitled.

Respectfully submitted,
**MONTY & RAMIREZ LLP**

By: */s/ Daniel N. Ramirez*

*Of Counsel for Defendant*

BRITTANY MORTIMER
Monty & Ramirez LLP
Texas SBN: 24084647
150 W. Parker Road, 3rd Floor
Houston, Texas 77076
Ph.: 281-493-5529
Fax: 281-493-5983
Email: bmortimer@montyramirezlaw.com

DANIEL N. RAMIREZ
Monty & Ramirez LLP
Texas SBN: 24039127
Fed. ID No.: 36213
150 W. Parker Road, 3rd Floor
Houston, TX 77076
Ph.: 281-493-5529
Fax: 281-493-5983
Email: dramirez@montyramirezlaw.com

**ATTORNEY-IN-CHARGE**
**FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I do hereby certify that on May 11, 2015, I caused a copy of the foregoing to be served upon the following counsel of record via electronic service pursuant to the Local Rules of the Southern District of Texas:

MARK SIUREK
Warren & Siurek, L.L.P.
Texas SBN: 18447900
Fed. ID No.: 9417
3334 Richmond Ave, Suite 100
Houston, Texas 77098
Ph.: 713-522-0066
Fax: 713-522-9977
Email: msiurek@warrensiurek.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

*/s/ Daniel N. Ramirez*
DANIEL N. RAMIREZ